UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DOMINIC ADAMS,<br><br>　　　　Defendant | Case No. 1:18-CR-00035-JLT-SKO-5<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR COUNSEL<br><br>ORDER DEYING AS UNNECESSARY REQUEST TO PROCEED IN FORMA PAUPERIS<br><br>(Docs. 271, 272) |

  Before the Court is Defendant Dominic Adams' *pro se* request for counsel, filed May 10, 2022. (Doc. 272). At the same time, he filed a motion to set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and raised a single issue: that his trial counsel was ineffective for failing to request a self-defense instruction.

  "There currently exists no absolute right to appointment of counsel in habeas proceedings." *Henderson v. McDonald*, No. 10-cv-02787-JAM-KJN P, 2011 WL 704695, at *1 (E.D. Cal. Feb. 18, 2011); *see also See Nevius v. Sumner,* 105 F.3d 453, 460 (9th Cir.1996). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also* Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues

1

involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of Defendant's submissions in this action, the Court finds that he appears to have a sufficient grasp of his claims and the legal issues involved and that he can articulate those claims adequately. The legal issues involved are not complex, and petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

In addition, Defendant has filed a request to proceed in forma pauperis in connection with his pending § 2255 motion. (Doc. 271.) This motion is unnecessary. Defendant has already been designated as being eligible for coverage under the Criminal Justice Act and/or for in forma pauperis status. (*See* Doc. 212.)

**CONCLUSION AND ORDER**

For the reasons set forth above:

1. Defendant's motion for appointment of counsel (Doc. 272) is DENIED.
2. Defendant's request to proceed in forma pauperis (Doc. 271) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: **January 4, 2023**

UNITED STATES DISTRICT JUDGE