PHILLIP A. TALBERT
United States Attorney
KIRK E. SHERRIFF
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DOMINIC ADAMS, <br><br> Defendant. | Case No. 1:18-cr-0035 JLT SKO <br><br> **GOVERNMENT'S MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES;** <br> [~~PROPOSED~~] **ORDER** |

The United States of America moves for an Order finding a partial waiver of the attorney-client and work product privileges and permitting discovery as to defendant Dominic Adams' communications with his prior counsel, E. Marshall Hodgkins III, and as to his counsel's work product in connection with the representation of Adams in this case. Adams has waived such privileges based on his Motion Under 28 U.S.C. § 2255, filed May 10, 2022 ("§ 2255 Motion"), which asserts a claim of ineffective assistance by his former counsel. (Doc. 270.) "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v.*

Motion re Privilege Waiver; Order         1

1  *Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). The waiver
2  applies equally to the work product privilege. *Id.* at 722 n.6.
3      There is good cause for discovery of attorney-client
4  communications and work product concerning the matters raised in
5  Adams' § 2255 Motion. Adams' § 2255 Motion alleges that his former
6  counsel provided ineffective assistance by not requesting a self-
7  defense jury instruction at trial. (Doc. 270.) In its Order filed
8  January 5, 2023, the Court provided the government 90 days to submit
9  an opposition to Adams' § 2255 motion.
10     Government counsel has conferred with defendant's prior counsel,
11 E. Marshall Hodgkins III, concerning the government's need for a
12 declaration from Mr. Hodgkins to respond to Adams' § 2255 Motion.
13 Mr. Hodgkins has indicated he is prepared to provide a declaration to
14 the government addressing the allegations raised in Adams' § 2255
15 motion, once the government obtains an order finding a privilege
16 waiver. The government is seeking a court order finding a privilege
17 waiver to permit Mr. Hodgkins to discuss with the government his
18 attorney-client communications and/or work product relevant to the
19 response to Adams' § 2255 Motion, and to provide a declaration
20 responding to Adams' allegations and addressing such privileged
21 communications and work product.
22     By his allegations, Adams has waived the privilege as to
23 attorney-client communications and his counsel's work product for
24 purposes of the present § 2255 Motion. "The defendant impliedly
25 waives his attorney-client privilege the moment he files a habeas
26 petition alleging ineffective assistance of counsel." *Lambright v.*
27 *Ryan*, 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker*, 331 F.3d at 716,
28 719 & 722 n.6 (habeas petitioner waives attorney-client and work

Motion re Privilege Waiver; Order      2

product privileges by asserting ineffective assistance of counsel). Adams can preserve the confidentiality of such privileged communications only by abandoning the claims that give rise to the waiver condition. *Bittaker*, 331 F.3d at 721. "[T]he federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute." *Id.* 722.

The privilege waiver in these circumstances is partial, in that the information obtained through the waiver is to be used for purposes of adjudicating Adams' 2255 Motion, but not in a retrial or in an unrelated case. *Id.* at 720-25; *Lambright*, 698 F.3d at 818. Accordingly, the government seeks a partial privilege waiver that would permit information obtained through the waiver to be used in response to Adams' § 2255 Motion.

The United States respectfully requests that the Court find that, if Adams does not timely withdraw his allegations concerning ineffective assistance of counsel, he has waived the attorney-client privilege as to all communications with his former counsel and any privilege as to his counsel's work product, with respect to the allegations in his § 2255 Motion. The government further requests that the Court order that Adams' former counsel, Mr. Hodgkins, may provide the government with a declaration responding to Adams' § 2255 motion and with records relevant to the response to Adams' motion.

Dated:  January 17, 2023

                                        Respectfully submitted,

                                        PHILLIP A. TALBERT
                                        United States Attorney

                                        /s/ Kirk E. Sherriff
                                        KIRK E. SHERRIFF
                                        Assistant U.S. Attorney

Motion re Privilege Waiver; Order          3

**ORDER**

Good cause appearing, the United States' motion for partial waiver of petitioner Adams' attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product, is GRANTED as follows:

(1) The attorney-client privilege of defendant Dominic Adams is waived with respect to all communications between Adams and his former attorney, E. Marshall Hodgkins III, concerning matters related to defendant's ineffective assistance of counsel claim in his § 2255 Motion [Doc. 270].

(2) The work product privilege is waived with respect to the work product of attorney Hodgkins concerning matters related to Adams' ineffective assistance of counsel claim in his § 2255 Motion.

(3) Attorney Hodgkins, and his staff and agents if relevant, may disclose to the government communications with Adams and work product concerning matters relating to the ineffective assistance of counsel claim Adams raises in his § 2255 motion.

(4) Mr. Hodgkins may provide the government with a declaration addressing attorney-client communications and work product concerning matters related to the ineffective assistance of counsel claim raised in Adams' § 2255 motion.  Mr. Hodgkins may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

Motion re Privilege Waiver; Order    4

(5) The government shall not use or disclose the privileged material it obtains pursuant to this Order for any purpose, or in any matter, other than this § 2255 proceeding.

ALTERNATIVELY, the Court orders that if the finding of waiver changes the defendant's decision on whether to proceed with his § 2255 Motion, he must notify this Court **within 14 days of the date of this Order** by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do that confirms the alternative portion of this Order finding waiver.

IT IS SO ORDERED.

Dated: **January 20, 2023**

UNITED STATES DISTRICT JUDGE